# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD GOOLSBY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-2249 |
| | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF FAIR CREDIT REPORTING ACT** |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC and TRANS UNION LLC, | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiff, DONALD GOOLSBY ("Plaintiff"), by and through his attorneys, and for his complaint against the Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax") and TRANS UNION LLC ("Trans Union") (collectively, "Defendants"), Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for Defendants' violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, which regulates the furnishing and reporting of consumer credit information.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FCRA. In addition, the FCRA, 15 U.S.C. § 1681p, provides that this action may be brought in "any appropriate United States district court."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time this action is commenced, Defendants' contacts with this District are sufficient to subject

1

them to personal jurisdiction, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in the East Cleveland, Cuyahoga County, Ohio.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), as he is an individual.

6. Defendants Equifax and Trans Union are both a "person" as the term is defined by 15 U.S.C. § 1681a(b), as they are an "other entity."

7. Defendant Equifax is a limited liability company of the State of Georgia, which is licensed by the Secretary of State to do business in Ohio, and which maintains its principal place of business in Atlanta, Georgia.

8. Defendant Trans Union is a limited liability company of the State of Delaware, which is licensed by the Secretary of State to do business in Ohio, and which and maintains its principal place of business in Chicago, Illinois.

9. On information and belief, Defendants are both persons which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which use any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and are all therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

10. Defendants were both responsible for reporting information on Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. § 1681a(d)(1).

## FACTUAL ALLEGATIONS

11. At all relevant times, Plaintiff's credit reports as alleged in this Complaint are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. On or about December 23, 2020, Plaintiff received an email from Credit Karma notifying him of four new hard inquiries on his credit report.

13. Plaintiff soon discovered that the inquiries were caused by identity theft. Specifically, an unknown individual had attempted to purchase a vehicle in Mississippi using Plaintiff's name and other identifying information.

14. Prior to his identity being stolen, Plaintiff had only one inquiry on his credit report from Capital One Bank.

15. Plaintiff was not present at any car dealerships in Mississippi during the time in question and prior to that time Plaintiff had not purchased any vehicles in his name from any dealership since 2014.

16. On or about January 13, 2021, Plaintiff contacted Dosset Big 4 Buick GMC Cadillac and spoke with a finance manager who confirmed to Plaintiff that an individual had attempted to use Plaintiff's identifying information to purchase a vehicle.

17. Plaintiff immediately contacted Officer Kaleb Mills at the Tupelo, Mississippi Police Department, who assisted Plaintiff in filing a police report.

18. Plaintiff sent a dispute letter detailing all of the relevant information surrounding the theft of his identity, as stated herein, to the dealerships, financial institutions, and credit reporting agencies involved, including both Defendants.

19. Defendants are aware that this incorrect information on Plaintiff's consumer reports is going to be disseminated to various other persons or parties who will be reviewing this

information for the purpose of potentially extending offers of credit, insurance, and/or employment to Plaintiff.

20. At all times pertinent hereto, Defendants were acting by and through their agents, employees, and/or representatives, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

21. Despite Plaintiff's efforts to date, Defendants have deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the disputes described above as required by the FCRA, have failed to remove and/or correct the inaccurate information from Plaintiff's consumer reports, and have continued to report the inaccurate derogatory information about Plaintiff on his consumer reports.

22. As a result of Defendants' actions and omissions as set forth above, Plaintiff has been damaged, and continues to be damaged, in numerous ways which include, but are not limited to, the following:

    a. Obtaining offers of credit under less favorable terms than what Plaintiff would have been offered but for Defendants' inaccurate reporting;

    b. Out of pocket expenses associated with disputing the information only to find the information remained on Plaintiff's consumer reports;

    c. Stress, aggravation, frustration, emotional distress, and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people and companies, both known and unknown;

    d. Denial of credit, loans, financing, and/or other damages not yet known by Plaintiff; and

  e. Decreased credit score, which may result in the inability to obtain credit in the future.

23. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of Plaintiff's statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

24. Defendants violated sections 1681n and 1681o of the FCRA by engaging in the conduct which includes, but is not limited to, the following, and which violates 15 U.S.C. § 1681s-2(b):

  a. Willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

  b. Willfully and negligently failing to review all relevant information Plaintiff provided to Defendants; and

  c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff despite knowing that said information was inaccurate.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for the legal rights of Plaintiff herein.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY ALL DEFENDANTS

26. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 25 above as if reiterated herein.

27. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

28. Defendants negligently and willfully failed to comply with their obligations to reasonably reinvestigate disputed information they were reporting under 15 U.S.C. § 1681i.

29. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

30. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3), from Defendants.

Wherefore, Plaintiff, DONALD GOOLSBY, respectfully prays this Honorable Court enter judgment against Defendants EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC as follows:

    a. An award of actual damages sustained by Plaintiff, pursuant to 15 U.S.C. § 1681o(a)(1);

    b. An award of statutory damages of $1,000.00 to Plaintiff for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    c. An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    d. An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

    e. Pre-judgment and post-judgment interest; and

f.    Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action on all issues so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

DONALD GOOLSBY

By:    /s/ David B. Levin
       Attorney for Plaintiff
       Law Offices of Todd M. Friedman, P.C.
       111 West Jackson Blvd., Suite 1700
       Chicago, IL 60604
       Phone: (224) 218-0882
       Fax: (866) 633-0228
       dlevin@toddflaw.com